**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**HELENA DIVISION**

DANIEL LEE CINCOSKI                                                                          PLAINTIFF

V.                                              NO: 2:11CV00241 BSM/HDY

DANNY BURL *et al.*                                                                        DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge

Brian S. Miller.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.   If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.   An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

      1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence proffered at the hearing before the District
                  Judge  (if such a  hearing is granted)  was not  offered at  the
                  hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the

hearing before the District Judge in the form of an offer of
proof,  and a copy,  or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff Daniel Lee Cincoski, a former Arkansas Department of Correction ("ADC") inmate,

filed a *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983 on December 27, 2011,

naming as Defendants East Arkansas Regional Unit Warden Danny Burl, and Assistant Wardens

Todd Ball and Dexter Payne.  On March 1, 2013, Defendants filed a motion for summary judgment,

a brief in support, and a statement of facts (docket entries #52-#54).  Plaintiff filed a response on

April 15, 2013 (docket entry #60).

## I.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The Court must

view the facts, and inferences to be drawn from those facts, in the light most favorable to the

nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

A moving party is entitled to summary judgment if the nonmoving party has failed to make a showing sufficient to establish the existence of an element essential to that party's case. *Celotex*, 477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)).

## II.  Analysis

Plaintiff alleges in his complaint that he was denied adequate mental health care, and that Defendants are harming him on his penis and other areas using "remote means."  Plaintiff also suggests that Defendants are conspiring with the Federal Bureau of Investigation to torture him.

Defendants assert that they are entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies with respect to his claims against Payne, that he has not stated a claim for deliberate indifference to his mental health needs or for cruel and unusual punishment, and that they are entitled to sovereign and qualified immunity.

Exhaustion

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001).  The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).  Although Defendants assert that Plaintiff failed to exhaust his administrative

3

remedies with respect to his claims against Payne, they concede that Plaintiff exhausted grievance EAM-11-3149, which did name Payne (docket entry #54-1, page #4).[1]  That grievance does not allege any specific wrongdoing by Payne personally, but it does assert that he has knowledge of the alleged problems.  Under the circumstances, Defendants have not met their burden of proving that Plaintiff failed to exhaust his administrative remedies with respect to Payne.

Inadequate mental health care

To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs.  *Dulany v. Carnahan*, 132 F.3d at 1239. Additionally, the Eighth Circuit has held that a "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation."  *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995).

Grievance documents attached to Plaintiff's complaint indicate that he was seen by a psychiatrist, who concluded medication was not indicated (docket entry #2, page #10).  Although Plaintiff is no longer incarcerated, he has presented no medical evidence to suggest his treatment, or lack thereof, at the ADC was inappropriate.  As Defendants note, no Defendant in this lawsuit is a medical provider, and the fact that they had supervisory roles as prison officials is not a basis for holding them liable for decisions made by medical professionals.  *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir.1997) (general responsibility for supervising prison operations is insufficient to establish personal involvement required to support liability; where prison official was not

---

[1] The grievance alleges that Payne and others knew that unnamed individuals were using "mind reading technology" and "mind control," along with other techniques, against him.

involved in treatment decisions and lacked medical expertise, and medical-care inquiries were referred to medical unit, claim should have been brought against individual directly responsible for inmate's medical care).  Accordingly, Defendants are entitled to summary judgment as to Plaintiff's inadequate medical care claim.

Cruel and unusual punishment

Plaintiff also contends that he has been subjected to cruel and unusual punishment.  It appears that Plaintiff is alleging that noise and "psychological tortures" through his cell vent and the hallway injured him psychologically and emotionally, and inflicted physical burns, buy use of "profoundly voiced electrical current" (docket entry #2, page #11).  Although deliberate indifference to conditions constituting a risk of harm may be actionable, *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996), Plaintiff's allegations are simply implausible.  Plaintiff claims he was physically burned, but he has provided no medical evidence to demonstrate any injury caused by any "remote source."  *See Horsey v. Asher*, 741 F.2d 209, 213 (8th Cir. 1984) (fanciful complaints should be swiftly dismissed).  Accordingly, Defendants are entitled to summary judgment as to Plaintiff's cruel and unusual punishment claim as well.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' motion for summary judgment (docket entry #52) be GRANTED, and Plaintiff's complaint be DISMISSED WITH PREJUDICE.

2.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this _7_ day of May, 2013.

_____
UNITED STATES MAGISTRATE JUDGE